```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:07CV476-MU-02


JAMES E. DUNCAN, III           )
     Plaintiff,                )
                               )
     v.                        )          ORDER
                               )
PETER GILCHRIST, District At-  )
  torney for Mecklenburg Coun- )
  ty,                          )
     Defendant.                )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's form-Complaint under 42 U.S.C. §1983, filed November 6, 2007. For the reasons stated herein, this Complaint will be dismissed in its entirety.

By his Complaint, the plaintiff seeks to impose liability on defendant Gilchrist on the basis of his assertion that Gilchrist, as the "head district Attorney . . . " was the first to review his case; that the defendant "ignor[ed] the most crucial facts in [his] case; that the defendant knew the plaintiff "wasn't accused by no one in this case; and that despite that knowledge, the defendant "decided to abuse his power and authority, strip[p]ing himself of his 'Sover[eig]n [sic] Immunity'" by allowing the plaintiff to be held to answer "for a crime [he] wasn't ac[c]used of."

By way of relief, the plaintiff asks this Court "to get

involved in this criminal case and get this case into trial or voluntarily dismissed . . . "; and to award him $1,000 for every-day which spends in pretrial confinement along with thousands in additional damages.  Notwithstanding the plaintiff's strong beliefs to the contrary, however, this Complaint must be dismissed in its entirety.

First, the plaintiff's allegation that defendant Gilchirst reviewed his case by virtue of his status as the District Attorney for Mecklenburg County is far too conclusory to justify the imposition of supervisory liability upon him.  Indeed, to survive a review for factual frivolousness, a plaintiff proceeding <u>in forma pauperis</u>, like here, cannot merely rely on "conclusory allegations." <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996).  Moreover, it is equally well settled that this Court is not required to "accept without question the truth of the plaintiff's allegations," but rather is permitted to apply common sense, reject the fantastic, and take into account judicially noticeable facts. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Here, the Court takes judicial notice that the website for the Mecklenburg County Sheriff's Department shows that the plaintiff actually is facing the charges of possession of cocaine; possession of drug paraphernalia; operating a vehicle with no operator's license; robbery with a dangerous weapon; and injury

to personal property.  In any event, the plaintiff's allegations fall far short of demonstrating that defendant Gilchrist, who is not the prosecutor in his case, should be held liable to him on these allegations.

Second, even if the plaintiff's allegations somehow were deemed to be sufficient to state a claim, the law is clear that prosecutors enjoy absolute, not sovereign immunity, for the performance of prosecutorial functions.  Buckley v. Fitzsimmons, 50 U.S. 259, 269 (1993); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Carter v. Burch, 34 F.3d 257 (4th Cir. 1994), cert. denied, 513 U.S. 1150 (1995).  In fact, in the Imbler case, the U.S. Supreme Court found that a prosecutor who was accused of maliciously and unlawfully charging a plaintiff with murder was entitled to absolute immunity because a prosecutor's decision "whether and when to prosecute" is absolutely protected by immunity.  Imbler, 424 U.S. 415, et seq.

Third, the Court also is aware that supervisory liability under §1983 may not be predicated solely upon a theory of respondeat superior.  See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).  Thus, the plaintiff also cannot proceed against defendant Gilchrist under any theory of derivative liability.

Finally, to the extent that the plaintiff is asking this Court to interfere with an on-going criminal case, the Court must abstain from taking the requested action.  See Younger v. Harris,

401 U.S. 37 (1971).  Accordingly, the instant Complaint must be **DISMISSED,** ultimately for the plaintiff's failure to state a claim upon which relief can be granted.

    **SO ORDERED.**

Signed: November 7, 2007

Graham C. Mullen
United States District Judge